UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SUNBELT RENTALS, INC.                                          CIVIL ACTION

VERSUS                                                                  No. 23-269

CAPITAL RESTORATION,
LLC ET AL.                                                            SECTION I

ORDER & REASONS

Before the Court is defendant NOLA Healthcare LLC's ("NOLA") motion[1] to dismiss plaintiff Sunbelt Rentals, Inc.'s ("Sunbelt") claims against it without prejudice pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5). Sunbelt opposes the motion.[2] For the reasons that follow, the Court denies the motion.

## I.      BACKGROUND

This case arises from a dispute regarding defendant Capital Restoration, LLC's ("Capital") alleged failure to pay Sunbelt for construction rental equipment provided for Capital's use at a property owned by NOLA. On January 20, 2023, Capital removed the instant action to this Court from the 24th Judicial District Court for the Parish of Jefferson, Louisiana.[3] On May 26, 2023, the Court granted Sunbelt's motion for leave to file an amended complaint.[4] As to NOLA, the amended complaint asserts

---

[1] R. Doc. No. 29.
[2] R. Doc. No. 31.
[3] R. Doc. No. 1.
[4] R. Doc. No. 17.

claims for the enforcement of lien claims pursuant to Louisiana's Private Works Act and unjust enrichment.[5]

On May 26, 2023, a summons was issued as to "NOLA Healthcare, Inc." rather than NOLA Healthcare, LLC.[6] The summons was returned unexecuted on June 15, 2023 because the address found on the Louisiana Secretary of State's Business Filings page for NOLA's registered agent, Mike Patel, was a vacant building.[7] On August 10, 2023, a summons was issued to serve NOLA through Mike Patel or Manoj Patel, the two names listed on the Louisiana Secretary of State Business Filings page for NOLA.[8] On August 17, 2023, service was attempted through NOLA's registered agent, Manoj Patel, at 3301 Bonita Beach Road, Suite 112, Bonita Springs, FL 34134.[9] However, according to Sunbelt, Mr. Patel was not present and his support staff informed the process server that he was out of the country for two weeks.[10] On September 14, 2023, a summons addressed to "NOLA Healthcare, Inc. through its registered agent Mike Patel" at "327 Black River Drive Maddisonville [sic], LA 70477" was returned executed.[11]

NOLA subsequently filed the instant motion to dismiss.[12] NOLA asserts the proof of service indicates that "Sunbelt improperly named NOLA on the summons,

---

[5] R. Doc. No. 18 (amended complaint), ¶¶ 30–42 (Private Works Act); 43–47 (unjust enrichment).
[6] R. Doc. No. 19 (summons); *see also* R. Doc. No. 31, at 3.
[7] R. Doc. No. 21; *see also* R. Doc. No. 29-2.
[8] R. Doc. No. 26; *see also* R. Doc. No. 29-2.
[9] R. Doc. No. 25; *see also* R. Doc. No. 31-3.
[10] R. Doc. No. 31, at 4.
[11] R. Doc. No. 28.
[12] R. Doc. No. 29.

improperly stated an incorrect address on the summons for NOLA and failed to properly serve the proper agent for service for NOLA Healthcare, LLC."[13] NOLA's registered agent—whose name is Manoj Patel—stated in an affidavit that his alias is Mike Patel, that he does not reside at the 327 Black River address, and that he never accepted service on behalf of NOLA in the above-captioned matter.[14]

According to NOLA, it is possible that the owner of the 327 Black River property, an individual named Mike Sarona, "incorrectly accepted service on behalf of NOLA."[15] NOLA argues that "[s]ervice at that address and service on Mr. Sarona, or whoever accepted service that day, was improper as that address is not the domicile address of NOLA, and Mike Sarona is not the registered agent, officer, or manager for NOLA."[16] Accordingly, NOLA contends that Sunbelt's claims against it should be dismissed without prejudice for failure to properly effectuate service of process pursuant to Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5).[17]

In response, Sunbelt asserts that its claims against NOLA should not be dismissed because its efforts to serve Mike Patel of Louisiana were made in good faith and Sunbelt reasonably believed service had been successful.[18] Sunbelt relied on information it obtained from the Louisiana Secretary of State Business Filings website and believed "Mike Patel" and "Manoj Patel" were two different people rather

---

[13] R. Doc. No. 29-1, at 2.
[14] R. Doc. No. 29-2.
[15] *Id.*
[16] *Id.*
[17] *Id.*
[18] *See generally* R. Doc. No. 31.

than one person with an alias.[19] Sunbelt therefore requests an extension of time to cure service upon NOLA and issue an alias summons.[20]

## II.   STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(4) provides that an action may be dismissed for "insufficient process," while Rule 12(b)(5) provides that an action may be dismissed for "insufficient service of process." "Although Rules 12(b)(4) and 12(b)(5) may appear to be similar, there is a distinction." *Piranha Rentals, LLC v. Latkin*, No. 15-6893, 2016 WL 8711679, at *1 (Feb. 19, 2016) (Africk, J.). "Rule 12(b)(4) is the proper challenge when the respondent alleges that the summons and complaint do not properly name the party on whom the summons and complaint were served." *Id.* (quoting *Wagster v. Gauthreaux*, No. 12-00011-SDD, 2013 WL 5554104, at *1 (M.D. La. Oct. 7, 2013)). "Rule 12(b)(5), in contrast, 'allows for the dismissal of a complaint for insufficiency of service of process.'" *Id.* (quoting *Wagster*, 2013 WL 5554104, at *1).

"Technically, . . . a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *McCoy v. Hous. Auth. of New Orleans*, No. 15-398, 2015 WL 9204434, at *5 n.75 (E.D. La. Dec. 17, 2015) (Brown, J.) (quoting 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedures* § 1353 (3d. ed.)). Instead, Rule 12(b)(5) "provides for

---

[19] *Id.* at 3–5.
[20] *Id.* at 5.

4

dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Worley v. Louisiana*, No. 10-3313, 2012 WL 218992, at *2 (E.D. La. Jan. 25, 2012) (Africk, J.) (quoting *Wallace v. St. Charles Sch. Bd.*, No. 04-1376, 2005 WL 1155770, at *1 (E.D. La. May 5, 2005) (Duval, J.)).

Pursuant to Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." "To establish good cause, a plaintiff bears the burden of demonstrating 'at least as much as would be required to show excusable neglect.'" *Sims v. Landrieu Concrete & Cement Indus. LLC*, No. 18-9932, 2020 WL 2617867, at *2 (E.D. La. May 24, 2020) (Milazzo, J.) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). "[S]imple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* (quoting *Winters*, 776 F.2d at 1306).

Establishing good cause typically requires some evidence of "good faith on the part of the party seeking an enlargement of time and some reasonable basis for noncompliance within the time specified." *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995). "While the district court has discretion to extend the time allowed for curing defective service if good cause is not shown, the court can also refuse to

exercise this discretion." *Sims*, 2020 WL 2617867, at *2 (quoting *Hawkins v. Potter*, 234 F. App'x 188, 190 (5th Cir. 2007)).

### III.   ANALYSIS

NOLA argues that Sunbelt failed to properly serve NOLA's registered agent, officer, or manager by incorrectly identifying "NOLA Healthcare, Inc." in the summons, incorrectly listing NOLA's registered address as "327 Black River Drive, Madisonville, LA 70447" and serving another individual who improperly accepted service on behalf of NOLA.[21] In response, Sunbelt does not dispute that Sunbelt did not properly serve NOLA with process pursuant to Rules 12(b)(4) and 12(b)(5). Rather, Sunbelt contends that it can demonstrate good cause for its failure to properly effect service.[22] Specifically, Sunbelt argues that its efforts to serve NOLA were reasonable based on Louisiana Secretary of State records and a corporate disclosure statement filed by NOLA in another case, both of which suggested that "Manoj Patel" and "Mike Patel" were two different individuals.[23]

As discussed, Sunbelt made several attempts to serve NOLA. Its first attempt to serve NOLA failed because the address listed for NOLA with the Louisiana Secretary of State was a vacant building.[24] On its second attempt, "service was attempted through NOLA's registered agent as listed on the Louisiana Secretary of State Business filings, Manoj Patel at 3301 Bonita Beach Road, Suite 112, Bonita

---

[21] R. Doc. No. 29-1, at 3.
[22] R. Doc. No. 31, at 3.
[23] *Id.* at 4.
[24] *Id.* at 3; *see also* R. Doc. Nos. 31-1 and 31-2.

Springs, FL 34134."[25] However, Mr. Patel was not present, and his support staff informed the process server that he was out of the country for two weeks."[26] Since "Mike Patel" of Louisiana and "Manoj Patel" of Florida were both listed on the Louisiana Secretary of State Business Filings page for NOLA, Sunbelt then attempted to serve Mike Patel at 327 Black River Drive, Madisonville, LA 70447.[27] An individual accepted service on behalf of NOLA at this address as "Mike Patel."[28] Ultimately, as stated, this individual was not in fact Manoj Patel, whose alias is Mike Patel.

The Court is satisfied that Sunbelt has shown good cause sufficient to warrant an extension of the time for service. As explained, Sunbelt made several attempts to properly serve NOLA and its failures were understandable in light of the information it found on the Louisiana Secretary of State's Business Filings page for NOLA. Sunbelt's multiple attempts to serve NOLA make clear that its failure to effect proper service upon NOLA was not the result of simple inadvertence, mistake of counsel, or ignorance of the rules. *See Sims*, 2020 WL 2617867, at *2 (quoting *Winters*, 776 F.2d at 1306). In other words, Sunbelt has provided ample evidence of its good faith through its repeated efforts to serve NOLA. *See Lambert*, 33 F.3d at 299. Further, the incorrect information found on the Louisiana Secretary of State's website supplies

---

[25] *Id.* at 4; *see also* R. Doc. No. 31-3.
[26] *Id.*
[27] *Id.*; *see also* R. Doc. No. 31-4.
[28] *Id.*; *see also* R. Doc. No. 28.

a reasonable basis for Sunbelt's failure to properly serve NOLA. *See id*. Accordingly, the Court finds good cause exists to extend the time for service. Fed. R. Civ. P. 4(m).

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that NOLA's motion to dismiss is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Sunbelt shall properly serve NOLA with the complaint and summons in the above-captioned case, or obtain a waiver of service, no later than **DECEMBER 29, 2023.** If Sunbelt fails to serve NOLA by this deadline, NOLA may refile its motion to dismiss or Sunbelt's claims against NOLA may be placed on this Court's call docket for dismissal.

New Orleans, Louisiana, November 14, 2023.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**